IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

AMANDA SANDERS, and all
others similarly situated,

     Plaintiff,

vs.                                                                                    **Collective Action**

GEA PIZZA - SLW BLVD., INC., a
Florida Corporation, d/b/a Rosati's Pizza,

     Defendant.
_____/

## COMPLAINT

### I.     INTRODUCTION

1.     This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), to recover unpaid overtime wages and unpaid regular wages on behalf of Plaintiff AMANDA SANDERS (hereinafter "SANDERS"), and all others similarly-situated to her who were formerly, or are currently, employed as hourly paid employees by Defendant GEA PIZZA - SLW BLVD., INC., d/b/a Rosati's Pizza (hereinafter referred to as "Defendants" or "ROSATI'S PIZZA").

2.     Defendant employs these employees within the Southern District of Florida to perform various tasks in furtherance of the operation of their restaurants that they operate.

3.     Throughout the liability period, Defendant has owned and operated a restaurant known as Rosati's Pizza, within the Southern District of Florida.

4.     For at least the past three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendant has had policies and practices in place to systemically shave time off of their employee's compensable hours worked solely designed to reduce labor costs and avoid payment of overtime at the expense of its employees. Specifically, Defendant's upper management accesses employees' clock in and

clock out times, and systemically manipulates those computerized records to reflect less time than the employee has actually worked.

5.     Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her who were formerly, or are currently, employed as hourly paid employees for Defendant during the liability period, seeks unpaid overtime wages, unpaid regular wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendants.

6.     Plaintiff will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendant or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.     JURISDICTION

7.     This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.     VENUE

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conducts business within the Southern District of Florida.

## IV.     PARTIES

### Plaintiff AMANDA SANDERS

9.     SANDERS was, at all material times, a resident of Martin County, Florida.

10.     SANDERS, at all material times, was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11.     Defendant employed SANDERS as an hourly paid manager in its pizzeria.

12.     During the Liability Period, SANDERS, and all other similarly situated hourly paid employees, worked their scheduled hours and more, but were not paid for all hours worked because Defendant manipulated employees' time records to reflect less hours than what were actually worked.

**Defendant**

13.     Defendant, GEA PIZZA - SLW BLVD., INC. (hereinafter, "ROSATI'S PIZZA") is a Florida corporation with operational headquarters in Martin County, Florida, and conducts business at its pizzeria restaurant located at 1012 St. Lucie West Blvd., Port St. Lucie, Florida 34986, and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where SANDERS was employed.

14.     At all times material hereto, ROSATI'S PIZZA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

## V.  GENERAL FACTUAL ALLEGATIONS

15.     The allegations in paragraphs 16 through 21 occurred during the liability period.

16.     Defendant does not pay its hourly paid employees for all hours worked.

17.     All hourly paid employees employed by Defendant are not exempt from the overtime and minimum wage requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

18.     All hourly paid employees employed by Defendant are entitled to be paid for all hours worked.

19.     All hourly paid employees employed by Defendant are entitled to be paid overtime for all hours in excess of 40 during a seven-day workweek.

20.     There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendant during the liability period.

21.     During the liability period, Defendant willfully and recklessly implemented a scheme whereby its upper management surreptitiously accessed employees' time records and manipulated those time records such that Defendant defrauded its hourly employees by stealing employees' time so that labor costs were reduced.

## VI. FIRST CLAIM – Unpaid Overtime Wages

22.     The allegations in paragraphs 1-21 are incorporated by reference herein.

23.     By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires employees to be paid one and a half times their regular rate of pay for all hours worked in excess of 40 during each seven-day workweek, 29 U.S.C. § 207.

24.     As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to her that have been subject to Defendant's illegal time shaving scheme have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.     To authorize the issuance of notice at the earliest possible time to all ROSATI'S PIZZA hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B.     To declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

C.     To declare that Defendant's violations of the FLSA to be willful;

D.     To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, damages for the amount of the unpaid overtime wages and liquidated damages, subject to proof at trial;

E.     If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

F.     To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

G.     To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### VIII. <u>SECOND CLAIM</u> – Unpaid Regular Wages (Non-Overtime)

25.     The allegations in paragraphs 1-24 are incorporated by reference herein.

26.     By its actions alleged above, Defendant willfully, knowingly and/or recklessly failed to pay Plaintiff for all hours worked, in violation of Florida Common Law.

27.     As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to her that have been subject to Defendant's illegal time shaving scheme have been deprived of unpaid wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to pre-judgment interest, post-judgment interest, attorneys' fees and costs.

### IX. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.     To authorize the issuance of notice at the earliest possible time to all ROSATI'S PIZZA hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B.     To declare that Defendant has violated Florida Common Law, as to the Plaintiff and persons similarly situated;

C.     To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, damages for the amount of the unpaid wages and statutory interest, subject to proof at trial;

D.     To make the same declarations and awards as prayed for in paragraphs A-C above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

E.     To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, reasonable attorneys' fees and costs pursuant to Florida Statutes § 448.08.

### <u>Jury Demand</u>

Plaintiff demands trial by jury.

**CONSENT TO JOIN
PURSUANT TO 29 U.S.C. §216(b)**

I, AMANDA SANDERS, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ Amanda Sanders*
Amanda Sanders


Dated: November 20, 2020
Plantation, Florida

Respectfully submitted,


*/s/ Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*